Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PRESTON K. FUNDERBURGH,

Defendant.

Case No.: 1:25-mj-04071-ACE

Motion for Detention

Plaintiff, United States of America, by and through Richard R. Barker, Acting United States Attorney, and Courtney R. Pratten, Assistant United States Attorney for the Eastern District of Washington, hereby submits a Motion for Detention pursuant to 18 U.S.C. § 3142(e) and (f). In support of the eligibility for a detention hearing, as well as in support of pretrial detention, the United States submits the following authority, facts, and arguments. As set forth below, this case is eligible for a detention hearing because this case involves both a serious risk Defendant, Preston K. Funderburgh, will obstruct of justice and/ or engage in intimidation of a prospective witness, or attempt to do so. Moreover, pretrial detention is necessary because there are no conditions or combinations of conditions of release that could reasonably assure the safety of the community.

Government's Motion for Detention

1

1
2
3
### I.    INTRODUCTION AND RELEVANT BACKGROUND

4    On April 29, 2025, a complaint was filed in the Eastern District of Washington,

5    charging Defendant with violations of 18 U.S.C. § 641 (Theft of Government Money)

6    and 18 U.S.C. § 1343 (Wire Fraud). In sum, and as is relevant to a determination of

7    the need for pretrial detention, the complaint affidavit contained the following

8    allegations known personally or gathered from reports and materials provided by the

9    Selah Police Department (SDP), that were sworn to by federal law enforcement

10    member, Special Agent (SA) Shannon Saylor.

11    On April 16, 2025, SDP was contacted by a member of the public regarding a

12    minor, aged four, (hereinafter Minor 1), who had not been seen by his grandparents

13    for approximately one year. The reporting party (RP) stated Minor 1 had a "hole in his

14    heart" and that Defendant, the father and/or custodian of Minor 1, had not responded

15    to attempts to contact him made by Minor 1's grandparents.

16    Law enforcement contacted Defendant at his residence in Selah, Washington,

17    and Defendant indicated Minor 1 was "fine" and that he was living with Defendant's

18    mother, S.F., in Yakima, Washington. Law enforcement then contacted S.F., who

19    indicated Minor 1 was not living with her. After multiple interviews with other

20    individuals familiar with Minor 1, law enforcement determined Minor 1 had not been

21    seen since the fall of 2024.

22    On April 17, 2025, Defendant, having been fully advised of his constitutional

23    rights, made a statement to law enforcement. Defendant stated in the early morning

24    hours of December 2, 2024, Defendant found Minor 1 deceased in his bed. Defendant

25    said he pacicked because he did not want to lose his other children. Defendant 1 then

26    said he buried Minor 1, and he proceeded to take law enforcement to the area of

27    Cowiche Mills Road. Human remains were then found at that location.

Government's Motion for Detention

28

1
2
3
4
5
6

Information relevant to the question of pretrial detention that was not included in the affidavit, but that is included in law enforcement reports, follows. During the period when Defendant was being questioned by laws enforcement regarding the whereabouts of Minor 1, Defendant brought a different child of the approximate age to the police station. Defendant presented this child as Minor 1 repeatedly to law enforcement.

7
8
9
10

The current federal charges are factually based on the Defendant's concealment of Minor 1's death from the Social Security Administration (SSA), and Defendant's subsequent theft of Minor 1's monthly Social Security benefits from December 2024 through April 2025.

11

## II.    ELIGIBIITY FOR A DETENTION ORDER

12

### A. The Existence of a Serious Risk Defendant will Obstruct Justice

13
14
15
16
17
18
19
20
21
22

Though the charges in this case are currently white collar offenses, they are inseparable from the original welfare check on Minor 1 which eventually culminated into Defendant leading law enforcement to Minor 1's body. From the welfare check to the discovery of Minor 1'S body, Defendant obstructed the investigation. He initially told law enforcement Minor 1 was fine. Defendant told law enforcement Minor 1 was living with his grandmother. Defendant then showed up at the police station with a different child, and repeatedly said that child was Minor 1. The entire time he was responding like this, Defendant knew law enforcement and family members were concerned for Minor 1, he knew Minor 1 was dead and had been for some time, and he knew where Minor 1 was buried.

23
24
25

Defendant has shown shocking abilities and willingness to obstruct the investigation, and therefore presents a serios risk he will do so now that the case has been charged in federal court.

26
27
28

Government's Motion for Detention

**B. The Existence of a Serious Risk Defendant will Threaten, Injure, or Intimidate a Prospective Witness or Attempt**

Many of the potential witnesses in this case are family and friends of Defendant. Some of them are his other minor children. At least one of the minor children who is a potential witness has special needs, making her particularly vulnerable. Some of the prospective witnesses have been Defendant's intimate partners are some point. Moreover, at least one of the potential witnesses stated she was aware Defendant recently carried a firearm to a local park in Yakima when he took his children there. Given where the legal proceedings are now, the rapid development of this case, and the vulnerabilities of the witnesses, there is a serious risk Defendant will threaten, injure, or intimidate one or more of them, or attempt to do so.

## III.   GROUNDS FOR DETENTION

### A. Defendant Presents a Danger to Members of the Community

As noted above, Defendant presents a danger to the many children and other witnesses known to him if released. Some of the children may have been the only witness to Defendant's regular interactions with Minor 1. Others were his former intimate partners, friends, or family members. Moreover, Defendant can legally carry a firearm, and has been known to carry one in public. Conditions such as GPS monitoring or a no-contact order are flimsy protections if Defendant is motivated enough to harm any of the multiple potential witnesses, and especially given some of them are minors, as well as the fact Defendant is now facing extremely serious charges in the federal legal system, Defendant presented a grave danger to more than one member of the community if released.

Government's Motion for Detention

4

## V.    CONCLUSION

Given the serious risk of obstruction and witness intimidation or harm, or attempts to intimidate or harm, the United States believes this case is eligible for a detention hearing.

Moreover, given the danger Defendant presents if released, there are no conditions or combination of conditions that could assure the safety of the community.

The United States therefore requests a detention hearing, as well as pretrial confinement for Defendant pending resolution of this matter.

Respectfully submitted this 30th day of April, 2024.

Richard R. Barker
Acting United States Attorney

*s/ Courtney R. Pratten*
COURTNEY R. PRATTEN
Assistant U.S. Attorney

I hereby certify that on April 30, 2025, I electronically filed the foregoing with the clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record.

*s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425

Government's Motion for Detention