FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:25-mj-04071-ACE |
|---|---|
| Plaintiff, | ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT, SETTING PRELIMINARY HEARING, AND SETTING DETENTION HEARING |
| v. | |
| PRESTON K FUNDERBURGH, | |
| Defendant. | |

On Wednesday, April 30, 2025, Defendant made an initial appearance based on the Complaint (ECF No. 1). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Courtney Pratten represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

The Office of the Federal Defenders was appointed to represent Defendant.

The United States filed a Motion for Detention (ECF No. 11) prior to the hearing.

Defendant, through counsel, objected to holding a hearing and contended that the United States had failed to establish the prima facie case necessary to hold a hearing under 18 U.S.C. § 3142.

ORDER- 1

Due to the nature of the offenses charged, the issue of detention in this matter is governed by 18 U.S.C. § 3142(f)(2).  Under that statute, a judicial officer shall hold a detention hearing if there is "a serious risk that [the defendant] will flee," § 3142(f)(2)(A), or "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror," § 3142(f)(2)(B).

The Court notes that there is a dearth of case law regarding the proper standard to apply in considering the quantum of evidence necessary to trigger a detention hearing pursuant to § 3142(f)(2).  In this instance, out of an abundance of caution, the Court has utilized a preponderance of the evidence standard as set forth by the Western District of Washington.  *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 781–82 (2019).  The Court continues to consider whether a lower standard, such as a prima facie showing, a showing of some evidence, or some other similar standard, is a more appropriate standard of proof pursuant to § 3142(f)(2).

The Court ruled that the United States had established, by a preponderance of the evidence, grounds to hold a detention hearing under § 3142(f)(2).[1]  In doing so, the Court reasoned that the United States' allegations in its Motion for

---

[1] The Court's conclusions below would be the same were it to apply the lower standard based on the same concerns that the application of the statute not swallow its purpose.

ORDER- 2

1  Detention (ECF No. 11), if substantiated, would constitute actual obstruction of
2  justice and therefore demonstrate a serious risk of obstruction of justice.
3  Defendant is alleged to have provided false information on several occasions to
4  law enforcement about Minor 1 when questioned about Minor 1's welfare.  ECF
5  No. 11.  Specifically, Defendant is alleged to have lied to law enforcement about
6  Minor 1's whereabouts and livelihood, despite knowing that Minor 1 had been
7  deceased and buried for quite some time.  *Id.*  Although allegations, if true, these
8  actions would constitute obstruction of justice, and as such, indicate a likelihood
9  that Defendant would attempt to obstruct justice again.  Defendant has not disputed
10 the allegations.  Accordingly, the Court finds that the United States has established
11 a serious risk of obstruction of justice such that holding a detention hearing is
12 warranted.
13     Defendant asked to set the detention hearing one week out, or May 7, 2025.
14 Due to court scheduling conflicts, the Court finds good cause under 18 U.S.C.
15 § 3142(f)(2) to continue the hearing beyond five days to May 9, 2025.
16     Accordingly, **IT IS ORDERED:**
17     1.    The Court directs the parties to review the Local Criminal Rules
18 governing discovery and other issues in this case.  http://www.waed.uscourts.gov/
19 court-info/local-rules-and-orders/general-orders.
20

ORDER- 3

2.      Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

ORDER- 4

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

3.   Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling winnings, a dividend, an award, and/or a royalty or interest in property) while Defendant is represented by a Court appointed attorney during the pendency of this case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5) business days of physical receipt or knowledge of the existence of any such asset.

ORDER- 5

    4.    A **detention hearing** was set **before Magistrate Judge Ekstrom in Yakima, Washington, on Friday, May 09, 2025, at 9:00 AM.**

    5.    A **preliminary hearing** was set **before Magistrate Judge Ekstrom in Yakima, Washington, on Wednesday, May 14, 2025, at 10:00 AM.**

    6.    Pending the hearing, Defendant shall be detained in the custody of the United States Marshals Service and produced for the hearing.[2] To the extent practicable, Defendant shall be confined separately from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

    7.    The United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office is authorized to prepare said report using any information it deems relevant to the issue of detention.

---

[2] *See* 18 U.S.C. § 3142(f).

ORDER- 6

**IT IS SO ORDERED.**

DATED May 1, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER- 7